UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BATTLE,

       Petitioner,

v.                                CASE NO:  8:05-cv-2263-T-26TGW

JAMES R. MCDONOUGH,

       Respondent.

_____/

## O R D E R

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254 by Leon Battle ("Battle"), a Florida prisoner.  The petition attacks Battle's

conviction for one count of robbery arising from the Sixth Judicial Circuit Court in

Pinellas County, Florida.

### Procedural History

On June 27, 2001, Battle was charged by Information with one count of Second

Degree Murder, an offense which occurred on June 11, 2001. (Dkt. 9, Ex. 12, V1:R-13.)[1]

The deceased victim was Jimmy Charles "Phillip" Battle.  The case proceeded to a jury

trial on June 3, 2002.  The jury found Battle guilty of second degree murder as charged.

---

[1]  The record on appeal found at docket entry 9, exhibit 12, consists of four volumes.
The documents are contained in volume one, which is referred to as "Vol. I," followed by "R"
and the appropriate page number supplied by the clerk at the bottom of each page.  The trial
transcript, which is contained in volumes two through four, is referred to by volume number
followed by "T" and the page number located in upper right hand corner of each page.

(Id. at VI:R-46.) On June 4, 2002, the court adjudicated Battle guilty and sentenced him to life imprisonment as an habitual violent felony offender. (Id. at VI:R-49-52.)

Battle pursued a direct appeal. The Assistant Public Defender who represented Battle on appeal filed an initial brief raising the following issue:

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL?

(Dkt. 9. Ex. 1.) The State filed its answer brief on or about June 13, 2003. (Id. at Ex. 2.) Battle's attorney did not file a reply brief. On September 26, 2003, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Battle's conviction and sentence. (Id. at Ex. 3.) Battle v. State, 860 So.2d 415 (Fla. Dist. Ct. App. 2003)[Table]. The court issued its mandate on October 20, 2003. (Id. at Ex. 4.)

On October 13, 2004, Battle filed a motion for post-conviction relief, raising ten allegations of ineffective assistance of trial counsel and one claim of prosecutorial misconduct. (Id. at Ex. 5.) On January 7, 2005, the trial court issued a written order summarily denying all eleven claims. (Id. at Ex. 6.) Battle filed a motion for rehearing, which was denied by the trial court on February 15, 2005. (Id. at Exs. 7 & 8.) Battle appealed the adverse ruling. He filed an initial pro se brief on May 6, 2005. (Id. at Ex. 9.) In accordance with the rules of appellate procedure in summary proceedings, the State did not file an answer brief. On September 2, 2005, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the trial court's denial of post-conviction

relief. (Id. at Ex. 10.) Battle v. State, 911 So.2d 107 (Fla. Dist. Ct. App. 2003)[Table].

The court issued the mandate on September 26, 2005. (Dkt. 9, Ex. 11.)

### The Present Petition

Battled signed the instant federal petition on December 7, 2005, and filed it with

the Clerk's office on December 9, 2005. (Dkt. 1.) The petition contains the following

four grounds for relief:

### Ground One

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT
AVAILABLE EVIDENCE SUPPORTING PETITIONER'S DEFENSE OF
SELF-DEFENSE.

### Ground Two

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY
ADVISE PETITIONER THAT HIS TESTIMONY WAS ESSENTIAL TO
SELF-DEFENSE AND PREPARE HIM FOR THE STAND.

### Ground Three

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY
OBJECT TO THE COURT'S IMPROPER JURY INSTRUCTION BEING
CONFUSING AND MISLEADING.

### Ground Four

THE TRIAL COURT IMPROPERLY DENIED PETITIONER'S MOTION
FOR JUDGMENT OF ACQUITTAL BASED ON THE WEIGHT OF THE
EVIDENCE.

## AEDPA Standard of Review

Battle's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("the AEDPA"), which became effective April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Pursuant to the AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. See Mitchell v. Esparza, 540 U.S. 12 (2003); Clark v. Crosby, 335 F.3d 1303, 1308-10 (11th Cir. 2003). A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. See Brown v. Payton, ___ U.S. ___, 125 S.Ct. 1432, 1438, 161 L.Ed.2d 334 (2005); Williams v. Taylor,

529 U.S. 362, 405-06 (2000). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner " Brown, 125 S.Ct. at 1439. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005). Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); see also Henderson v. Haley, 353 F.3d 880, 890-91 (11th Cir. 2003).

<u>Standard of Review for Ineffective Assistance of Counsel Claims</u>

In order to show a violation of the Sixth Amendment right to counsel, Battle must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984). See Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). According to

Strickland, a defendant must show counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and such prejudiced him, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also Wiggins v. Smith, 539 U.S. 510, 534 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; see also Bell, 535 U.S. at 698. The inquiry into whether a lawyer has provided effective assistance is an objective one -- a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer took. See Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000), cert. denied, 531 U.S. 1204 (2001). An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. Id. at 1314 n.15. Thus, as Chandler makes clear, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather,

6

the presumption is "that what the particular defense lawyer did at trial – for example, what witnesses he presented or did not present -- were acts that some reasonable lawyer might do." Id. Every effort should be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." Id. at 1317.

In applying the AEDPA standard to ineffective assistance of counsel claims, the federal court's focus is on whether the state decision can be viewed as objectively reasonable. See Wellington v. Moore, 314 F.3d 1256, 1261 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." (internal quotation omitted), cert. denied, 535 U.S. 1107 (2002). The Supreme Court reiterated the highly deferential standard for evaluating state-court rulings in Woodford v. Visciotti, 537 U.S. 19 (2002):

> Under § 2254(d)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied Strickland incorrectly. See Bell v. Cone, 535 U.S. 685, 698-699, 122 S.Ct.1843, 152 L.Ed.2d 914 (2002); Williams, supra, at 411, 120 S.Ct. 1495. Rather, it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An "unreasonable application of federal law is different from an incorrect application of federal law."

537 U.S. at 24-25 (reversing grant of habeas relief to a state prisoner under death sentence, finding the circuit court ultimately substituted its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)) (citation omitted).

7

## Discussion

In his first claim for relief, Battle contends that his trial counsel was ineffective for failing to present available evidence supporting a theory of self-defense. Battle claims that there were two witnesses who could have testified at trial and bolstered his claim of self-defense, but that counsel did not call these witnesses or present any other evidence to advance the self-defense theory. Battle fails to identify the alleged witnesses or summarize the testimony that they would have given. To this extent, Battle's claim is vague, conclusory, and insufficient on its face. Battle raised this claim as Ground Two in his Rule 3.850 Motion and the court summarily rejected the claim in its order denying post-conviction relief:

> At page 6 of his Motion, Defendant contends that counsel failed to present or call any witness, namely the victim's neighbor Matthew Leaks, and police technician Emil Nikolov, to support self-defense after promising the jury in opening statement that the defense would present a self-defense theory at trial.

> This argument does not evidence that counsel promised the jury that Defendant would be calling any witnesses in presenting a defense theory. *See Exhibit C at pp. 41-42*. Defendant states that Matthew Leaks would testify that the victim was the aggressor in taking off his shirt and approaching Defendant in the breezeway. The record indicates that there were three confrontations between the victim and Defendant, the first occurring inside Defendant's apartment, the second, in the breezeway where they physically fought, and finally, near the carport where the victim died. *See Exhibit C at pp. 167-180*. It appears that the [sic] Mr. Leak's expected testimony refers to the second.

> Any testimony given by Mr. Leaks that the victim was the aggressor in the second incident would be duplicative of other testimony. Both Tavarious Jones and Daniel Powell who witnessed the fight and testified to

facts suggesting that both provoked the altercation. Each testified that the victim confronted Defendant after being told after the first meeting not to come back, and to Defendant leaving his apartment to confront the victim during the second altercation. *See Exhibit C at pp. 98-101; 168-170.* Defendant does not allege that Mr. Leaks witnessed the actual stabbing and could provide details contrary to those of the other witnesses.

As to the second witness, police technician Emil Nikolov, Defendant only states that the technician would testify to processing the bicycle for blood. As he does not state any results from the examination and how the results would support his defense, he cannot demonstrate how he was prejudiced by counsel's failure to call this witness. For the aforementioned reasons, this claim is denied.

(See Dkt. 9, Ex. 6, Order Denying Motion for Post-conviction Relief, pp. 2-3.)

As to the testimony of Matthew Leaks, the state court's ruling was objectively reasonable inasmuch as counsel cannot be found ineffective for failing to present cumulative evidence. See Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1308-1309 (11th Cir. 2005) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that could have been presented when that evidence is merely cumulative") (quoting Van Poyck v. Florida Dep't. of Corr., 290 F.3d 1318, 1324 n.7 (11th Cir. 2002)); Glock v. Moore, 195 F.3d 625, 636 (11th Cir. 1999) (finding that, "where much of the new evidence that [petitioner] presents is merely repetitive and cumulative to that which was presented at trial," petitioner could not show prejudice), cert. denied, 531 U.S. 890 (2000).

9

Furthermore, the record reveals that although the State sought to compel Matthew Leaks'

trial attendance, the witness could not be located for trial. (Dkt. 9, Ex. 6, Order Denying

Motion for Post-conviction Relief, p. 3.)

In his second claim for relief, Battle asserts that his trial counsel was ineffective

for failing to properly advise him that his testimony was essential to the self-defense

theory and to prepare him for the stand. The state court addressed this claim in the order

denying post-conviction relief as follows:

> [Battle] states that counsel should have advised him to testify in his
> own defense since it was necessary to his self-defense theory that
> Defendant testify since the record was void of any evidence or testimony to
> support his defense. First, Defendant does not state what he would have
> said to the jury or how his testimony would have persuaded them that he
> acted in self-defense. In fact, defendant's extensive and violent felony
> record could have had the opposite effect on the jury since the jury would
> learn if Defendant testified of his prior felony convictions. *See Exhibit C at*
> *pp. 384-385.*

> Secondly, the record does not support Defendant's contention.
> Defendant counsel argued, and the testimony indicated, that the victim, both
> heavily under the influence of alcohol and cocaine and considerably larger
> than Defendant, repeatedly came back to Defendant's apartment after being
> advised not to, and had on his second visit threatened Defendant and
> attacked Defendant with a bottle. *See Exhibit C at pp. 300-310.* Most
> importantly, on both direct and cross-examinations, Daniel Powell indicated
> that he thought the victim was threatening to hit Defendant with his bicycle.
> *See Exhibit C at pp. 178-179; 209-210.* Since Defendant cannot show
> counsel's [sic] deficient in not advising him as Defendant suggests, this
> claim is denied.

(Id. at 4-5.). The state court's decision is a reasonably objective application of the

Strickland two-prong test and, thus, it is entitled to deference by this Court.

Next, Battle asserts that his trial counsel was ineffective for failing to properly object to the court's allegedly misleading jury instruction on justifiable homicide. Battle contends that counsel should have moved for a mistrial when the court "refused to clarify the instruction. The instruction served to negate Petitioner's entire defense by confusing the jury on the issue of aggravated battery and justifiable use of deadly and/or non-deadly force." (Dkt. 1, Petition, p. 9.) The state court denied a similar claim raised in Battle's Rule 3.850 Motion, finding that "Defendant cannot meet the prongs of the <u>Strickland</u> test since record evidence, as explained and listed in Ground Six, supported the defenses" and the "instructions benefitted Defendant." (<u>Id.</u> at 5.) Battle's instant claim is facially insufficient. He fails to identify the jury instruction at issue and he does not show how the instruction was confusing or misleading, or how the instruction allegedly "negated" his entire defense. Furthermore, it should be noted that defense counsel did in fact object to certain portions of the jury instruction on justifiable homicide. (Ex.12: Vol. III: T 268.) As such, the state court reasonably rejected this allegation for failure to meet the <u>Strickland</u> test.

In his fourth and final claim for relief, Battle asserts that the trial court erred in denying his motion for judgment of acquittal based on the weight of the evidence. Ground Four is due to be denied for several reasons. First, any argument about the court's failure to take into account the weight of the evidence, rather than the legal sufficiency, is procedurally barred. At trial, defense counsel argued extensively, citing

11

state case law, that the evidence was insufficient to establish that Battle was not acting in self defense. (Dkt. 9, Ex. 12: Vol. III: T 272-288.) Counsel could not, and did not, propose that the court should grant a judgment of acquittal based on the weight of the evidence, which is solely within the province of the jury. On appeal, counsel likewise argued that the evidence was legally insufficient to support the jury verdict. (Id. at Ex. 1, Initial Brief of Appellant, pp. 16-19.) Consequently, the issue as presented in the federal petition is procedurally barred.

The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. See Picard v. Connor, 404 U.S. 270, 277 (1971). Moreover, Petitioner must fairly present his claim, Castille v. Peoples, 489 U.S. 346, 351 (1989), and the substance of the federal constitutional claim should be presented to the state court in order to exhaust the issue. See Watson v. Dugger, 945 F.2d 367, 371-72 (11th Cir. 1991). Petitioner can avoid the procedural bar by showing either cause and prejudice or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." See Wainwright v. Sykes; Murray v. Carrier, 477 U.S. 478, 496 (1986). Cause must ordinarily be something external to the defense. See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941

F.2d 1471, 1480 (11th Cir. 1991)(quoting United States v. Frady, 456 U.S. 152, 170

(1982) (emphasis in original).

To establish the fundamental miscarriage of justice exception, an "extremely rare"

circumstance, the Petitioner must show constitutional error coupled with "new reliable

evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo,

513 U.S. 298 (1995). This exception is not available unless "the petitioner shows, as a

factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F.3d

106, 103 (5th Cir. 1995)(denying certificate of probable cause) (footnote omitted).

Moreover, Petitioner must show that he has exhausted what he claims excuses his

procedural default in state court, to the extent it constitutes an independent constitutional

claim. See Murray, 477 U.S. at 488-89 (where ineffective assistance of counsel is alleged

as cause to excuse a procedural default, the claim of ineffectiveness must be presented to

the state courts as an independent claim). Petitioner fails to establish cause and prejudice

or that there will be a fundamental miscarriage of justice if his instant claims is not

addressed on the merits.

Moreover, even if the issue in Ground Four had been presented in the state court at

trial and on appeal, the issue concerns a state law matter for which federal habeas corpus

relief does not lie. The determination of whether the evidence adduced by the state is

legally sufficient to survive an acquittal motion under state law lies solely within the province of the Florida courts. Issues which present nothing more than issues of pure state law are wholly immune from federal habeas review. See Francois v. Wainwright, 741 F.2d 1275, 1281 (11th Cir. 1984). To the extent that Ground Four asserts a claim of error of state law, the claim is not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal courts hold no supervisory authority over state judicial proceedings and can interfere only to correct errors of constitutional dimension. See Smith v. Phillips, 455 U.S. 209 (1982). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

ACCORDINGLY it is **ORDERED AND ADJUDGED**:

The petition for writ of habeas corpus is denied. The Clerk shall enter judgment for Respondent, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 1, 2006.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Pro se Petitioner
Counsel of Record

14